[No. 8,237.—Department Two.]
Aug. 21, 1882.

## N. D. JULIEN *v.* FRANCIS RILEY, Assignee, etc.

Action to Review an Order in Insolvency Proceedings—Equity.—Action to compel the assignee of an insolvent to include the claim of the plaintiff among the list of claims against the estate, and for judgment against him for the amount due the plaintiff upon a *pro rata* distribution of the assets. The action of the assignee in excluding the claim of the plaintiff from his statement of the claims against the estate had, after a contest been approved by an order of the insolvency Court.

*Held:* If the order of the County Court was erroneous, the proper mode to obtain relief therefrom was by appeal; and there is no sufficient ground shown by the complaint for the interposition of a Court of equity.

APPEAL from a judgment for the defendant in the Superior Court of the County of Siskiyou. STEELE, J.

The complaint, in effect, alleged that the plaintiff, who was a mortgage creditor of the insolvent, after foreclosing his

mortgage, filed a claim in due form with the assignee, which the assignee refused to allow as a debt against the estate; that a statement was filed by the assignee purporting to contain the names of the several creditors, and the sums due each, and the *pro rata* sums to be divided, which omitted the plaintiff's claim; that upon an order to show cause why the statement should not be allowed, the plaintiff contested the same, and moved that the statement should be amended so as to include his claim; and that the Court denied the same, holding among other things as follows:

"Section 14 of the Act provides, among other things, that the assignee may sue, or be sued, either as plaintiff or defendant, in every thing which respects the rights and actions which may belong to the insolvent, or which may concern the mass of creditors. This gives any creditor the right to proceed before the estate is settled to fix by the judgment of a Court of competent jurisdiction, the correctness of his claim, if the assignee in the interest of the mass of the creditors rejects it or any portion of it, and in such action testimony could be introduced, and the very right of the matter determined, which can not be done in a motion of this kind."

The complaint prayed for an order directing the assignee to include his claim among the list of claims against the insolvent's estate and for judgment for the amount due the plaintiff on a *pro rata* distribution of the assets.

*Henry Edgerton, H. B. Warren,* and *Calvin Edgerton,* for Appellant.

The Court refused to grant the motion of appellant, on the express ground that the appellant must, by a suit in and judgment of a competent Court, against the assignee, establish the correctness of his claim.

*H. B. Gillis* and *Rhodes & Barstow,* for Respondent.

The Court below had jurisdiction of the proceedings in insolvency, and of all questions involved therein; and creditors can have no relief beyond what may be administered in that proceeding, either in that Court or on appeal. The order complained of could, if erroneous, have been reversed on appeal. (*Fisk* v. *His Creditors,* 12 Cal. 281; *Imlay* v. *Car-*

*pentier,* 14 id. 173; *People* v. *Rosborough,* 29 id. 415; *People* v. *Shepard,* 28 id. 115.) If the order can not be reviewed or reversed in the manner above indicated, it is conclusive upon the plaintiff.

The COURT:

The plaintiff filed his complaint in the Superior Court of Siskiyou County, in which he complained of a certain order made by the County Court of that county, in an insolvency proceeding, pending in the latter Court. The object of the suit is to obtain relief which was applied for by the plaintiff, and was denied him in the insolvency case. If the order of the County Court was erroneous, the proper mode to obtain relief therefrom was by appeal; and there is no sufficient ground shown by the complaint for the interposition of a court of equity.

The demurrer to the amended complaint was properly sustained, and the judgment is affirmed.